**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arnold Terrell Hawkins,<br><br>Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>Respondents. | No. CV-21-01299-PHX-DLR<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Deborah M. Fine. (Doc. 13) regarding Petitioner Arnold Terrell Hawkins' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the petition be denied and dismissed with prejudice and that a certificate of appealability be denied. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 13 at 55.) Petitioner filed an objection to the R&R on July 26, 2022 (Doc. 15), and Respondents filed their response on August 4, 2022 (Doc. 16).

The Court has considered Petitioner's objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Court finds that the Magistrate Judge correctly determined that Petitioner procedurally defaulted Grounds 2(a), 3, 4, 6(b), 7, 9, 10, 11, 12, and 13 without excuse, and that Petitioner failed to establish that habeas relief is warranted on the merits of Grounds 1, 2(b), 5, 6(a), 8, 11, 12, and 14. For the reasons set forth herein Petitioner's objections to the R&R are overruled.

## I. Background

In his second trial (the first resulted in a hung jury), Petitioner was convicted in Pinal Superior Court of four counts of sexual conduct with a minor, one count of sexual abuse, and one count of child molestation, all dangerous crimes against children. He was sentenced to prison terms totaling ninety-seven years. He was represented by the same appointed counsel in both trials.

On his direct appeal, his appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967). Appellate counsel notified the Arizona Court of Appeals ("COA") that he advised Petitioner of the nature of an *Anders* brief and the various issues available on direct appeal. Petitioner did not file a supplemental brief.

The Arizona Court of Appeals issued a memorandum decision on February 13, 2017, finding that sufficient evidence supported the convictions and, after a few minor modifications, affirmed the convictions and sentences as modified. Petitioner did not file a petition for review with the Arizona Supreme Court.

On March 22, 2017, Petitioner filed a timely notice for post-conviction relief ("PCR") with the trial court. He filed his PCR petition on July 13, 2017. The PCR petition raised several claims of ineffective assistance of trial counsel. The trial court found that Petitioner had presented at least one colorable claim and set an evidentiary hearing. At the hearing, Petitioner's appellate counsel testified, criticizing the performance of trial counsel in several respects, including that trial counsel's cross-examination of the victim was ineffective, trial counsel failed to raise appropriate hearsay objections, and failed to investigate mitigating evidence. Petitioner's sister also testified in support one of the defenses that Petitioner alleges should have been raised—the defense of impossibility due to Petitioner's kidney disease, which allegedly was evidence of erectile dysfunction. Trial counsel testified in response, explaining the tactical basis for some of her trial decisions that were criticized.

The trial court denied Petitioner's PCR petition and Petitioner thereafter filed a petition for review with the COA arguing that his trial counsel was ineffective on several

fronts and that the trial court incorrectly applied *Strickland v. Washington*, 466 U.S. 668 (1984). The COA issued a memorandum decision granting review and denying relief, finding that trial counsel's performance was not deficient and declining to address the *Strickland* standard issue.

## II. Petitioner's Objections to the R&R

Petitioner first objects to the R&R on the grounds that it incorrectly found that trial counsel was not ineffective in her cross-examination and closing argument as set forth in Grounds 2, 5, 6, 8, and 14. This objection to the R&R's findings goes only to the merits and does not address the R&R's finding that Grounds 2(a) and 6(b) were procedurally defaulted.

To establish that his trial counsel was ineffective, Petitioner must show that counsel's performance was both (a) objectively deficient and (b) prejudicial. *Strickland*, 466 U.S. at 687. In habeas review of a claim of ineffective assistance of counsel, the Court must determine if "there is a reasonable argument that counsel satisfied *Strickland*'s deferential standard, such that the state court's rejection of the [ineffective assistance of counsel] claim was not an unreasonable application of *Strickland.* Relief is warranted only if no reasonable jurist could disagree that the state court erred." *Murray v. Schriro,* 746 F.3d 418, 465-66 (9th Cir. 2014).

In Grounds 2 and 5, Petitioner alleges that trial counsel was ineffective in the cross-examination of the victim and her mother. At trial, the victim testified that the Petitioner had been having sex with her since she was 13. Petitioner points out that trial counsel did not explore several areas that he believes should have been raised during cross-examination that would have impeached the victim's testimony. He argues the cross-examination should have gone into more matters and into more detail.

The cross-examination of the victim was fruitful for the defense. Among other things, counsel established that the victim had told different stories about specific and important events during two forensic interviews.

Likewise, the victim's mother was cross-examined by trial counsel and admitted that she asked the Petitioner to move back in.  On cross-examination, the mother was asked about the victim's inconsistent statements about the alleged events and admitted that she had stated to an officer that her daughter was a "really good liar."

Trial counsel testified about her trial strategy in cross-examination.  She testified that her strategy was to focus on the victim's lies and inconsistencies while trying not to make her cry.  Trial counsel admitted that she did not ask the victim about several matters, including why she changed her story and whether her mother had a motive to encourage her to make up a story about Petitioner.

Decisions by defense counsel about strategies employed during cross-examination are generally a matter of professional judgment.  "Counsel's tactical decisions at trial, such as refraining from cross-examining a particular witness or from asking a particular line of questions, are given great deference and must . . . meet only objectively reasonable standards."  *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2008).  Petitioner disagrees with the manner and line of questions employed by trial counsel, but the difference of opinion regarding strategy for cross-examination fails to establish the first *Strickland* prong.

The last reasoned decision in state court on the issues raised in Grounds 2 and 5 came from the COA.  The COA found that trial counsel had identified the weaknesses in the state's case and drew the jury's attention to Petitioner's best arguments for acquittal in the opening statements and closing arguments.  The COA also found the record to establish that trial counsel adequately drew the jury's attention to the victim's credibility so that the jury could assess her testimony firsthand.  The COA found that the record supports the trial court's conclusion that trial counsel's performance was not deficient.

Arguments that trial counsel should have conducted additional cross-examination, on this record, where counsel's cross-examination hit key defense facts and supported defense arguments, in light of counsel's trial strategy, do not establish deficient performance.  The R&R correctly determined that Petitioner has not shown that the COA decision rejecting Grounds 2 and 5 was either contrary to or involved an unreasonable

application of *Strickland* or was based on an unreasonable application of the facts. The objections to the R&R's recommendation on Grounds 2 and 5 are overruled.

Petitioner's objection to the R&R's recommendation as to Ground 6 centers on the testimony of forensic expert Wendy Dutton. He claims that Ms. Dutton's testimony was irrelevant to any fact in the case and counsel should have objected to her testimony, cross-examined her, and/or pointed out to the jury that her testimony was not credible. At the PCR hearing, trial counsel admitted that she had not read Ms. Dutton's curriculum vitae or the treatises that would have assisted in a cross-examination of Ms. Dutton.

The trial strategy of counsel on how or whether to cross-examine a witness is left to counsel's professional judgment. The trial court provided the last reasoned decision on this issue found that trial counsel's strategy to not spend too much time cross-examining Ms. Dutton to minimize the value of her testimony "so as not to signal to the jury that the expert may have hurt their case" is a familiar and not an unreasonable strategy. Petitioner has failed to establish either prong of *Strickland*. The R&R correctly determined that Petitioner has not shown that the COA decision to reject Ground 6 was either contrary to or involved an unreasonable application of *Strickland* or was based on an unreasonable application of the facts. The objections to the R&R's recommendation on Ground 6 are overruled.

Petitioner's objections to the R&R's recommendations as to Grounds 8 and 14 are that Detective Knauber testified at trial differently about the victim's mother and her motive to lie than what he stated in his police report. He argues that the R&R should have recognized that trial counsel was ineffective for failing to bring out the mother's motive to lie and the history she had with Petitioner, and failing to present "crucial medical evidence that would help prove his innocence." (Doc. 15 at 3.)

The trial court noted that, in observing trial counsel during the evidentiary hearing, it was obvious that her style is not aggressive. The court noted that an aggressive posture towards law enforcement witnesses is not always effective in trial, especially if the attorney does not naturally employ an aggressive style. (Doc. 13 at 46.) In her cross-examination of Knauber, among other things, trial counsel established that the phone records of calls

from Petitioner to the victim did not establish that any calls were answered and that he did not investigate the inconsistent statements made by the victim in different forensic interviews.

Petitioner has not shown that the R&R erred in its determination that he has failed to show that the trial court's finding was not objectively reasonable. The objections to the R&R's recommendation on Grounds 8 are overruled.

In his objection to the R&R's determination on Ground 14, Petitioner argues that trial counsel was ineffective for delivering her closing argument in under one minute and for failing to bring all the facts he alleges exonerated him to the jury's attention.

The COA found that the closing argument identified the weaknesses in the state's case and drew the jury's attention to Petitioner's best arguments for acquittal. The COA found that trial counsel took the necessary steps to put Petitioner's theory of the case into evidence and drew the jury's attention to the credibility issues of the victim. "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). Counsel has wide tactical discretion to choose the arguments to present in a closing argument. The COA recognized that trial counsel's arguments bolstered the defense theory of the case that the victim lied.

The R&R did not err when, based on the arguments made by trial counsel, it applied the strong presumption that counsel chose her arguments strategically. Petitioner has not shown that the COA's finding that the trial counsel's closing argument was not deficient was either an unreasonable application of *Strickland* or based on an unreasonable application of the facts. The objections to the R&R's recommendation on Ground 14 are overruled.

Petitioner disagrees with the R&R's determination that Grounds 2(a), 3, 4, 6(a), 7, 9, 10, 11, 12, and 13 are procedurally defaulted. Petitioner has not shown that the R&R is incorrect in finding that he failed to exhaust those claims and that they were implicitly defaulted. Petitioner instead argues that his procedural defaults should be forgiven because

he is "entitled to equitable tolling." The Ninth Circuit permits equitable tolling of the statute of limitations "if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *See Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted). Petitioner's argument does not address the questions of procedural default. Equitable tolling applies to the one-year period in which a habeas action must be brought pursuant to the Antiterrorism and Effective Death Penalty Act.

Equitable tolling is not applicable to Petitioner's claim of actual innocence and does not rescue him from his procedural defaults. Further, Petitioner's attempt to show that he has new reliable evidence that supports his claim of actual innocence with trial transcripts and incident reports misses the point. Transcripts of the trial and incident reports available at the time of the trial are not new evidence. Petitioner has not supported his allegations of constitutional error with new reliable evidence. Without new, reliable evidence, Petitioner cannot establish that no reasonable juror would have convicted him considering the new evidence. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

Petitioner has not shown that the R&R erred in its factual and legal determinations. Petitioner procedurally defaulted Grounds 2(a), 3, 4, 6(b), 7, 9, 10, 11, 12, and 13 without excuse, and Petitioner has failed to establish that habeas relief is warranted on the merits of Grounds 1, 2(b), 5, 6(a), 8, 11, 12, and 14.

**IT IS ORDERED** that the R&R (Doc.21) is **ACCEPTED**. Grounds 2(a), 3, 4, 6(b), 7, 9, 10, 11, 12, and 13 are **DISMISSED** with prejudice. Grounds 1, 2(b), 5, 6(a), 8, 11, 12, and 14 are **DENIED**. Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Petitioner's request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling

debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall terminate this action.

Dated this 23rd day of August, 2022.

Douglas L. Rayes
United States District Judge

- 8 -